UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

MYRNA CASHI                               CIVIL ACTION NO. 6:18-CV-00255

VERSUS                                    UNASSIGNED DISTRICT JUDGE

H A Z A FOODS OF LOUISIANA, LLC,          MAGISTRATE JUDGE HANNA
ET AL.

## **MEMORANDUM RULING**

Pending before the court is the motion to dismiss the plaintiff's claims against defendant "Wendy's Company Store #307 Manager," which was filed on behalf of defendants HAZA Foods of Louisiana, LLC and Wendy's International, LLC. (Rec. Doc. 9). The motion is unopposed. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the motion will be DENIED AS MOOT.

This lawsuit originated in Louisiana state court. The plaintiff alleged in her petition for damages that she slipped and fell while she was a customer at a Wendy's restaurant in Crowley, Louisiana, on January 17, 2017, and she further alleged that she was seriously injured as a result of that incident. She sued HAZA Foods of Louisiana, LLC, Wendy's International, LLC, and "Wendy's Company Store #307 Manager," seeking to recover for her alleged injuries.

Defendants HAZA Foods of Louisiana, LLC and Wendy's International, LLC removed the action to this court. (Rec. Doc. 1). In the removal notice, the removing

defendants argued that this federal court has subject-matter jurisdiction over this action because the parties are diverse in citizenship and the amount in controversy exceeds the jurisdictional threshold. More particularly, the removing defendants argued that the parties are diverse in citizenship when the citizenship of the defendant referred to by the plaintiff as "Wendy's Company Store #307 Manager" is disregarded. They argued that the citizenship of "Wendy's Company Store #307 Manager" should be disregarded for two reasons: first, because that is a person sued under a fictitious name and, second, because the manager was improperly joined. (Rec. Doc. 1 at 3-5).

HAZA and Wendy's then filed the instant motion, seeking to have the plaintiff's claims against "Wendy's Company Store #307 Manager" dismissed under Fed. R. Civ. P. 12(b)(4) and 12(b)(5), arguing under Rule 12(b)(4) that the summons and complaint attempted to be served on this entity did not properly name the party and arguing under Rule 12(b)(5) that the plaintiff failed to properly serve that party.

Shortly after the motion was filed, the Clerk of Court issued a notice of intent to dismiss the plaintiff's claim against "Wendy's Company Store #307 Manager" for failure to prosecute under Local Rule 41.3. (Rec. Doc. 11). Local Rule 41.3 permits the dismissal of a plaintiff's claim without prejudice when no service of process has been made within ninety days after the filing of the complaint or when no responsive pleadings have been filed or default entered within sixty days after

service. The notice of intent to dismiss stated that a motion for extension of time to take a default should be filed within fourteen days if there was good cause for the failure to file responsive pleadings or enter default. The plaintiff did not respond to the notice.

On May 11, 2018, an order of dismissal was filed in the record by the Clerk of Court. (Rec. Doc. 12). The order stated that the plaintiff had been served more than fourteen days previously with a notice of intent to dismiss the claim against "Wendy's Store #307 Manager" and further stated that the claim against that entity was dismissed, subject to reinstatement within thirty days for good cause shown. (Rec. Doc. 12). The plaintiff did not respond the dismissal order, and more than thirty days have now elapsed since the order was filed in the record and served on the plaintiff.

The plaintiff did not object to the notice of intent to dismiss her claim against "Wendy's Store #307 Manager," the plaintiff did not respond to the order of dismissal of her claim against "Wendy's Store #307 Manager" by providing good cause why the claim should not be dismissed, and the plaintiff did not respond to the instant motion to dismiss or file an opposition brief. Therefore, the plaintiff's claim against "Wendy's Store #307 Manager" has been dismissed, and there is no reason to analyze the arguments articulated by HAZA and Wendy's in their motion to dismiss. Accordingly,

IT IS ORDERED that the motion to dismiss the plaintiff's claims against defendant "Wendy's Company Store #307 Manager," which was filed on behalf of defendants HAZA Foods of Louisiana, LLC and Wendy's International, LLC (Rec. Doc. 9), is DENIED AS MOOT.

Signed at Lafayette, Louisiana, this 13th day of June 2018.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE